O’SCANNLAIN, Circuit Judge,
dissenting:
Because I am persuaded that probable cause supported Sarkis Karunyan’s arrest and that Agent Lauren Hanover’s investigation did not violate the Due Process Clause, I respectfully dissent.
Hanover knew that someone committed fraud by convincing Medicare to pay for unnecessary medical equipment. Karu-nyan’s complaint acknowledges that Hanover knew that the proceeds from that fraud were originally paid to Karunyan. This is sufficient to demonstrate “a fair probability that [Karunyan] had committed a crime.” Grant v. City of Long Beach, 315 F.3d 1081, 1085 (9th Cir.2002).
Rodis v. City and County of San Francisco, 558 F.3d 964 (9th Cir.2009), is not applicable to this case. Rodis requires that an officer making an arrest for a specific intent crime “have probable cause [of specific intent] in order to reasonably believe that a crime has occurred.” Id. at 969 (emphasis added). The majority does not dispute that Hanover reasonably believed that the perpetrator, acting with specific intent, committed a crime. The issue is simply whether Karunyan’s receipt of the proceeds of the crime made it reasonable for Hanover to believe that Karu-nyan had committed that crime.
Karunyan also failed to plead a violation of the Due Process Clause. Our precedent indicates that a bad faith failure to collect potentially exculpatory evidence violates the Constitution only if “the evidence sought was of such a nature that it was not reasonably available to the defendant.” United States v. Martinez-Martinez, 369 F.3d 1076, 1086-87 (9th Cir.2004) (analyzing a due process claim for “fail[ure] to collect and preserve evidence” (emphasis added)).
The duty to collect evidence incorporates the same limitations that the duty to preserve evidence does, see Miller v. Vasquez, 868 F.2d 1116, 1120 (9th Cir.1989) (ruling that the bad faith requirement for preservation claims applies a fortiori to collection claims), and the Supreme Court has expressly enunciated the unavailability requirement for preservation claims. California v. Trombetta, 467 U.S. 479, 489, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984). Karunyan failed to plead that the evidence at issue was not reasonably available to *711 him; indeed, he pled the opposite: the evidence at issue was in his own company’s records.
For the foregoing reasons, I would affirm.